```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

Mark and Linda Lessard

   v.                                      Civil No. 06-cv-423-JD
                                                 Opinion No. 2007 DNH 090

Wilton-Lyndeborough
Cooperative School District

## O R D E R

Mark and Linda Lessard seek judicial review under the Individuals with Disabilities in Education Act ("IDEA") of the decision of the New Hampshire Department of Education ("DOE"), approving the Individual Education Plan ("IEP") and placement proposed for their daughter, S.L., by the Wilton-Lyndeborough Cooperative School District ("District").  As a preliminary issue, the Lessards move for an evidentiary hearing to add documents to the administrative record.  The District opposes the motion.

The Lessards do not seek a testimonial hearing but instead want to supplement the record with documents that they contend are pertinent to the issues for review.  Therefore, the Lessards' motion to supplement the record may be decided based on the parties' filings without scheduling a hearing.

Standard of Review

Under the IDEA, the "court reviews the administrative record, which may be supplemented by additional evidence from the parties, and makes an independent ruling based on the preponderance of the evidence." Lt. T.B. ex rel. N.B. v. Warwich Sch. Comm., 361 F.3d 80, 83 (1st Cir. 2004) (internal quotation marks omitted); accord Mr. I. ex rel. L.I. v. Me. Sch. Admin. Dist. No. 55, 480 F.3d 1, 5 (1st Cir. 2007). See also 20 U.S.C. § 1415(i)(2)(B). The court's review, however, is not a de novo trial. Roland M. v. Concord Sch. Comm., 910 F.2d 983, 997 (1st Cir. 1990). While the court may accept additional evidence, "such evidence is merely supplemental to the administrative record." L.B. ex rel. K.B. v. Nebo Sch. Dist., 379 F.3d 966, 974 (10th Cir. 2004); Town of Burlington v. Dep't of Educ., 736 F.2d 773, 790-91 (1st Cir. 1984). Appropriate reasons for supplementation include: "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." Id. at 790.

Discussion

The Lessards move to add documents that they contend should have been part of the administrative record, would correct alleged discrepancies in the DOE's transcription of the due process hearing, were not available at the time of the hearing, and would provide updated information about S.L.'s post-hearing status. The District objects, contending that none of the offered evidence meets the criteria for supplementing the record. The Lessards filed a reply further arguing in favor of their additional evidence.

By way of brief background, S.L. is twenty years old and is disabled physically and mentally with multiple impairments. She attended school at Crotched Mountain Rehabilitation Center ("CMRC") from July of 2001 to December of 2005. The Lessards challenge the IEP and placement at CMRC proposed by the District for S.L. for the 2005 to 2006 school year and the District's prior offer to place S.L. at the Merrimack Education Center. More specifically, they charge that the District's proposed IEP failed to provide, among other things, an adequate behavior intervention plan, an appropriate transition plan, an appropriate plan to address S.L.'s literacy skills, one-on-one assistance, and multi-disciplinary and community based instruction. They also contend that the District's proposal to place S.L. at the

Merrimack Education Center, as an alternative to CMRC and its subsequent proposal to continue placement at CMRC were both inappropriate for S.L. The Lessards unsuccessfully challenged the District's IEP for S.L. at CMRC for the 2004 to 2005 school year based on many of the same issues. <u>Lessard v. Wilton-Lyndeborough Coop. Sch. Dist.</u>, 2007 WL 1221103 (D.N.H. Apr. 23, 2007) (affirming the District's IEP for 2004-2005).

A.   <u>Completing and Correcting the Record</u>

The Lessards contend that the record should include documentary evidence that was used during the administrative hearing, audio recordings of meetings and telephone messages, and corrections to the DOE's transcript of the administrative hearing. The District objects to all of the supplemental evidence offered by the Lessards.

The Lessards contend that four pages of information from an IEP Team meeting held on April 14, 2005, were not included with the DOE's administrative record despite having been introduced during the hearing. The Lessards also want to add a document obtained from the DOE website, "New Hampshire Charter, Private and Other Non-District Approved Special Education Programs," that was used during the administrative hearing but not formally introduced into the record. They also ask to be permitted to

4

submit tape recordings of meetings and telephone messages that are covered by transcripts and notes in the administrative record.  They contend that the tapes are necessary to offset accusations that Mrs. Lessard's notes from the meetings were inaccurate.  The District objects that these items were available to the Lessards, that it is their fault that they were not included in the record, and that much of the information is duplicative of the record that was submitted.

The Lessards contend that the DOE's transcript of the hearing is "riddled with errors."  They ask to be permitted to submit a list of "significant transcript discrepancies."  The District objects that the Lessards are instead providing a selective and personal version of the administrative proceedings.

The Lessards may submit the documentary evidence, the four pages and information from the DOE website.  With respect to the accuracy of notes of the IEP meetings and telephone messages and the accuracy of the hearing transcript, the parties shall limit their dispute to those parts that are material to the issues raised here.  Any party who disputes the accuracy of notes or parts of the transcript that are not material to the issues in this case may be subject to sanctions.

If the District challenges the accuracy of Mrs. Lessard's notes of the IEP meetings and telephone messages, the Lessards

shall provide transcripts of the tapes of the disputed parts to the District, and counsel shall use all reasonable efforts to agree on a version of the proceedings in question.  If agreement on any part is not possible and the disagreement is material to the claims in this case, each side shall submit its own version.

Similarly, the Lessards shall submit their list of "significant transcript discrepancies" to the District, following which counsel shall use all reasonable efforts to agree on a version of that transcript.  If agreement is not possible as to material parts of the transcript, then each side shall submit its own version.

B.   Unavailable Evidence

The Lessards ask to supplement the record with information about S.L.'s recent physical therapy evaluation, whether the Merrimack Education Center was state-approved when the District proposed S.L.'s placement there, and credentials of two teachers at CMRC.  The District objects that the proffered evidence is duplicative, irrelevant, and not properly justified.  The information the Lessards propose may be added to the record.  That permission, however, does not in any way indicate whether the proffered information will be relevant or persuasive in deciding the case.

C.  <u>Recent Progress Evidence</u>

The Lessards want to include evidence of S.L.'s status since the administrative hearing.  They argue that such evidence is appropriate to show that S.L. has made progress by not being placed at CMRC, as the District proposed.  The District objects that the opinions offered in the proposed evidence are not relevant, are merely augmenting opinions offered at the hearing that were subject to cross-examination, and are unfair because the District has not had an opportunity to challenge the evidence.

Although the evidence of S.L.'s status since the hearing is not likely to be relevant, that determination is best made in the context of the case as it is presented on the merits.  The Lessards will be allowed to submit the proffered evidence.  The District will have the opportunity in the context of arguing the claims in this case to demonstrate that the new evidence is irrelevant or should be stricken as unfairly prejudicial to the District.

### Conclusion

For the foregoing reasons, the plaintiffs' motion to supplement the record (document no. 14) is granted as is more specifically provided in this order.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

July 24, 2007

cc:  Katherine W. Bubar, Esquire
     Jennifer A. Eber, Esquire
     Eric R. Herlan, Esquire
     Richard L. O'Meara, Esquire